## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33700-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIM GARLAND KENDALL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Timothy Kendall challenges his conviction for delivery of methamphetamine, arguing that the evidence was insufficient to support the jury's verdict. Properly viewed, the evidence permitted the jury to find each element of the offense and, therefore, was sufficient. The conviction is affirmed.

In light of the challenge presented, we need not discuss the procedural history of the case at any length. The essence of the charge was that Mr. Kendall, 61, shared methamphetamine with 22-year-old A.I. during a trip. The information came to light when A.I. went to a hospital to be examined for a sexual assault. Kendall was charged with third degree rape of A.I. and delivery of methamphetamine. The jury acquitted on the rape charge, but convicted on the delivery count.

Well settled standards govern our review of this issue. Whether or not sufficient evidence has been produced to support a criminal conviction presents a question of law

under the due process clause of the Fourteenth Amendment to the Constitution of the United States. *Jackson v. Virginia*, 443 U.S. 307, 317-319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Specifically, *Jackson* stated the test for evidentiary sufficiency under the federal constitution to be "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Washington follows the *Jackson* standard. *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980) (plurality opinion); *id.* at 235 (Utter, C.J., concurring).

The elements of the delivery offense are that the defendant knowingly delivered a controlled substance. RCW 69.50.401(1); *State v. Boyer*, 91 Wn.2d 342, 344, 588 P.2d 1151 (1979). Accordingly, the question here is whether the jury could have determined, as it did, that Mr. Kendall knowingly delivered a controlled substance, methamphetamine. The sole issue on appeal is whether the State established that methamphetamine was delivered. Mr. Kendall's identity and his knowledge of the substance's identity are not contested.

Ample evidence supported the jury's determination. A.I. testified that she was an experienced methamphetamine user and that the two of them had shared methamphetamine supplied by Mr. Kendall during the trip. She slept much of the day of the trip and did testify that some of the time she was uncertain what the two had smoked, but those uncertainties were questions of weight for the jury to consider along with her

2

statements that the two had used meth. More to the point, Mr. Kendall also admitted that the two had shared methamphetamine, a substance he, too, had prior experience with. In addition, testing showed that A.I. had no methamphetamine in her blood, but that her urine did show methamphetamine usage. Expert testimony informed the jury that methamphetamine leaves the blood stream after 15 hours, while it stays longer in the urinary system.

In short: both defendant and A.I. agreed that they smoked methamphetamine, A.I. testified that the defendant supplied it, and urine testing confirmed that she had used methamphetamine. This testimony could be believed by the jury and confirmed the elements of the offense: Mr. Kendall knowingly delivered methamphetamine to A.I. The evidence, therefore, was sufficient.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Siddoway, J.                                              Pennell, J.

3